## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

QUIET MIND TOURING, LLC,
16027 Ventura Blvd.
Suite 301
Encino, CA 94135,

                Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

                Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Quiet Mind Touring, LLC ("QMT"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic.   The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3.      QMT, a small business that promotes, manages, and produces musical concerts, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA.   The SBA denied both QMT's application and its appeal, without giving a reason for either denial.

4.      The COVID-19 pandemic has had a devastating impact on QMT, forcing it to cancel its shows, lose 95% of its revenue in 2020 as compared to 2019, furlough employees, and reduce its salaries by over 50%.   In 2021, QMT's first quarter revenue was down over 99% as compared to the first quarter in 2019.   QMT needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like QMT recover from the major setbacks they have experienced because of the pandemic.

5.      SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance.   Thus, even though QMT demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of QMT's application.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7.      Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8.      This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      Plaintiff Quiet Mind Touring, LLC, is a small business that promotes and produces live on-stage musical performances by artists including Blue October and Justin Furstenfeld. Founded in 2003, QMT promotes and produces around 80 to 100 live events each year.

10.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

11.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.      Shuttered Venue Operators Grant Program**

12.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

13.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

14.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 or, if it began operations after January 1, 2019, in an amount equal

to its average 2019 monthly gross earned revenue multiplied by 6, up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.     Eligible entities under the Act include live performing arts organization operators, as well as live venue operators and promoters, theatrical producers, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

17.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18.     The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing

artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19.     The Act specifies that for a live performing arts organization operator (as well as a live venue operator or promoter or theatrical producer) to be eligible, it must have additional characteristics.  It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     QMT's SVOG Application and the SBA's Denial**

20.     On April 26, 2021, QMT applied for a SVOG award of $867,165.03.

21.     In its application, QMT demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator.  QMT demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its tax returns and quarterly income statements for 2019 and 2020.  QMT also submitted sample venue rental contracts that provided for sound, lighting, security and box office services, and reflected ticketed admission, as well as venue floor plans with clearly defined performance and audience spaces, QMT's payroll policies for a sound engineer and stage manager, and sample fliers promoting live events managed by QMT.  QMT additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.     QMT learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found QMT ineligible.

23.     On August 21, 2021, QMT submitted an administrative appeal of the denial to the SBA.  Because the denial included no explanation, QMT's appeal elaborated on why it satisfies all of the criteria for eligibility as a live performing arts organization operator.  QMT explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live performing arts organization operator.  QMT's supporting documentation included, among other things: its 2018, 2019, and 2020 amended tax returns; a signed income statement listing its revenues and expenses from 2019 and 2020; a 2019 live events schedule; letters from venues corroborating QMT's principal business activity of managing and promoting ticketed musical concerts; a QMT spreadsheet tracking tickets sold for Blue October concerts; its contract with Blue October, which provides for fair payment; marketing materials; and venue maps.

24.     QMT's appeal also detailed how it had undertaken an extensive review of its application materials in an effort to identify why its application was denied.  During this process QMT had identified that its tax returns used the incorrect North American Industry Classification System (NAICS) code.  QMT's appeal explained that it had promptly filed amended tax returns for 2018, 2019, and 2020 with the correct code, and QMT's appeal provided the amended tax returns along with a letter from its CPA certifying that the NAICS code used in prior tax forms was incorrect and that QMT would use the correct code going forward.

25.     On August 27, 2021, the SBA notified QMT by email that its appeal was denied. As with the denial of QMT's application, the SBA gave no reason for denying the appeal.

26.     The SBA's denial of QMT's appeal is the agency's final decision.

**CLAIMS FOR RELIEF**

27.     The courts recognize a strong presumption favoring judicial review of administrative action.

28.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

29.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

30.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

31.     The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION**

32.     QMT realleges and incorporates by reference each of the preceding paragraphs and allegations.

33.     A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying QMT's application, nor did it provide any reason when it denied QMT's appeal.

34.     Indeed, the SBA's decision on QMT's application conflicts with the evidence of QMT's eligibility that it presented to SBA in its application and in its appeal.

35.     The SBA further erred by treating QMT disparately from similarly situated businesses that were granted SVOG awards.   Specifically, the SBA approved the SVOG

applications of several of QMT's direct competitors.  These entities promote and produce a band's, or bands', live performances, just like QMT.

36.     For each of these reasons, the SBA's denial of QMT's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

37.     QMT realleges and incorporates by reference each of the preceding paragraphs and allegations.

38.     QMT meets the Act's definition of live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

39.     The SBA's denial of QMT's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

40.     QMT realleges and incorporates by reference each of the preceding paragraphs and allegations.

41.     The SBA's denial of QMT's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  QMT's application and appeal presented evidence that demonstrates QMT is eligible for a SVOG award.

42.     The SBA's denial of QMT's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, QMT respectfully requests that this Court:

1.     Declare unlawful and set aside Defendants' denial of QMT's SVOG award request.

2.      Preliminarily and permanently order Defendants to consider QMT's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.      Preliminarily and permanently order Defendants to award QMT $867,165.03 in SVOG funds.

4.      Preliminarily and permanently order Defendants to grant QMT a supplemental SVOG award of $433,582.52.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.      Award Plaintiffs their costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.


Dated: September 2, 2021                    Respectfully submitted,

                                            /s/ Caroline L. Wolverton
                                            _____
                                            Angela B. Styles
                                            D.C. Bar No. 448397
                                            Caroline L. Wolverton
                                            D.C. Bar No. 496433
                                            AKIN GUMP STRAUSS HAUER & FELD LLP
                                            2001 K Street, N.W.
                                            Washington, DC 20006 |
                                            (202) 887-4000

                                            *Counsel for Plaintiff Quiet Mind Touring, LLC*